Per Curiam.

By the provisions of Section 3513.07, Revised Code, “the form of declaration of candidacy and petition of a person desiring to be a candidate for a party nomination or a candidate for election to an office or position to be voted for at a primary election shall be substantially as follows.” Then follows the form for declaration of candidacy and petition for candidate.
It is apparent that, in the instant case, the typewritten insertion of the name of the notary in a portion of the form where the name of the candidate should have been inserted was an obvious error. It still appears from the form as executed that the signed declaration was ‘ ‘ subscribed and sworn to before ’ ’ the notary. The only one who subscribed or signed his name anywhere on the form before the signature of the notary was the candidate. He signed on the form at the end of the declaration at the place designated for the signature of the candidate, and again at the place designated for the signature of the candidate before the words, “subscribed and sworn to.”
In our opinion, the form of declaration of candidacy and petition here involved was “substantially” as required by the provisions of Section 3513.07, Revised Code.
The judgment of the Court of Appeals is, therefore, *284 reversed and the cause is remanded to that court with instructions to issue the writ as prayed for.

Judgment reversed.

Middleton, Taft, Zimmerman and Lamneck, JJ., concur.
Weygandt, C. J., Hart and Stewart, JJ., dissent.